BIG COTTONWOOD LOWER CANAL CO. v. COOK et al.

No. 4680.   Decided January 2, 1929.   (274 P. 454.)

384

*Ray Van Cott,* of Salt Lake City, for appellants.

*Stewart, Alexander & Budge,* of Salt Lake City, for respondent.

CHERRY, J.

In this action a decree was entered in favor of the plaintiff, quieting and confirming its title to the use of the waters of a certain spring in Salt Lake county, except a certain portion thereof decreed to one of the defendants, and a judgment for $75 damages awarded plaintiff for the wrongful interference with its rights against one defendant, from which the defendants have appealed.

The source of the water in controversy is a small spring, with an average flow of about one-third cubic foot per second of time, called the Sarah Walters spring, which arises upon a tract of land containing about 3½ acres in Salt Lake county, which, prior to February 3, 1921, was owned by Sarah Walters. On the date last mentioned the land was conveyed by Sarah Walters to the defendant Heber Cook, who was the owner thereof at the time this action was commenced. The water from the spring, when not interfered with, flows through a channel in a westerly direction over defendant Cook's land and across a public highway, and discharges itself into a canal constructed and owned by the plaintiff. The plaintiff asserted its right to the use of all the waters of the spring, except the quantity necessary to irrigate 1 acre of defendant Cook's land and enough to supply his needs for culinary and domestic purposes, and based its right upon a prior appropriation and use thereof for 40 years, upon an express conveyance from Sarah Walters, dated April 5, 1905, and upon an adverse use of the water claimed since that time. The plaintiff alleged that on or about September 20, 1925, the defendants, by means of a dam and pipe line constructed near the spring,

had wrongfully and unlawfully diverted the waters away from the plaintiff to other places of use, for which plaintiff claimed damages in the sum of $200.

The defendant Heber Cook claimed the right to the use of the waters of the spring by virtue of his ownership of the land upon which the spring arises, and contended that the plaintiff's use had been of such waste and surplus waters only as had been permitted by himself and his predecessors to flow off the lands of defendants and down to the plaintiff, whose place of use was below.

The case was tried before the court, and findings of fact made in accordance with the claims of the plaintiff, and a decree entered confirming and quieting the plaintiff's title to the use of all of the waters of the spring, except 4 acre feet per annum thereof for the irrigation of 1 acre of defendant Cook's land, and 500 gallons per day for culinary, domestic, and stock-watering purposes, which was decreed to defendant Cook.

The decree is assailed by defendants upon the ground that the evidence is insufficient to support the material findings of fact. The trial court found that the predecessors of the plaintiff, more than 40 years ago, had diverted, appropriated, and beneficially used the waters of the spring, and, upon the organization of the plaintiff corporation in 1902, transferred the rights so acquired to the plaintiff, and that thereafter, on April 5, 1905, Sarah Walters, by warranty deed, transferred to the plaintiff the water rights defined in the decree, and that ever since the plaintiff had used the same adversely to the defendants.

It is contended that the evidence is insufficient to establish the appropriation claimed and found by the court; that no evidence whatever was produced of any transfer by any appropriator of such water to the plaintiff in the year 1902, and that the circumstances and manner of use of the water in dispute by the plaintiff since 1905 were not adverse to defendants. We think there

is merit to these complaints. If the plaintiff's title to the use of the waters in question depended alone upon an appropriation prior to 1902 by the plaintiff or some predecessor other than Sarah Walters and a subsequent use of the waters adverse to the defendants, there would be a very serious question of the sufficiency of the evidence to sustain such title. But the court found another source of plaintiff's title to the use of the waters in question in the conveyance by Sarah Walters to the plaintiff of the same by warranty deed dated April 5, 1905. The sufficiency of the evidence to support this finding cannot well be questioned, because it was uncontradicted that, on the date mentioned, Sarah Walters conveyed by warranty deed to the plaintiff "all the waters rising and flowing from what is called the Sarah Walters spring, excepting that owned and used by Sarah Walters upon one and one-half acres of ground situated near said springs." There was the additional proof that, of the $3\frac{1}{2}$-acre tract of land owned by Sarah Walters, upon which the spring arises, only $1\frac{1}{2}$ acres were susceptible of irrigation from the spring in question, and that, after the conveyance to the plaintiff, the waters of the spring were used as far as necessary for the irrigation of the $1\frac{1}{2}$ acres of the Sarah Walters land, and the remainder allowed to flow into plaintiff's canal, where it was beneficially used by the plaintiff until interfered with by the defendant Heber Cook in the year 1925. This conveyance, so far as the parties to this action are concerned, is sufficient in connection with the use of the water thereafter made by plaintiff, to support the title of the plaintiff to the use of the waters described in the conveyance, independent of any claim of prior appropriation by plaintiff or any claim arising from adverse use. And it is immaterial that the court erroneously made findings of independent prior appropriation or of an adverse use of the waters, if it correctly found the source of plaintiff's title in the conveyance mentioned and the subsequent application of the water to a beneficial use.

But, with respect to the plaintiff's title under the conveyance from Sarah Walters, it is contended by defendants that the exception or reservation in the deed of Sarah Walters to the plaintiff of the waters of the springs ■ "owned and used by Sarah Walters upon one and one-half acres of ground situated near said springs" is unlimited in quantity and time of use, and that her successor, Heber Cook, may use all the waters of the spring which he may desire upon said 1½ acres of land—the plaintiff, under the deed, being entitled to the waste or surplus only which may be permitted to flow off the land. This contention cannot be sustained. "Beneficial use shall be the basis, the measure and the limit of all rights to the use of water in this state." Laws Utah 1919, chapter 67, § 3.

This is a cardinal principle of the law of water rights. No claim is made that any of the waters of the spring were ever used on the land described in the reservation for any purpose other than the irrigation thereof and the domestic uses of the owner. Therefore the quantity necessary for such purposes must be the measure and limit of the defendants' right. Besides, the use asserted by the defendant Cook of the water in question was not upon the 1½ acres of land mentioned in the deed, but for other and different purposes and at other places.

We have no doubt that the court correctly interpreted the reservation in the deed as excepting from the grant the quantity of water reasonably necessary for the irrigation of the land described, and the reasonable necessities of the owner for culinary, domestic, and stock-watering purposes.

There was satisfactory evidence that the duty of water for irrigation upon defendants' lands was 4 acre feet of water per acre per annum, and that 500 gallons per day was sufficient for domestic purposes. No complaint is made that these quantities are inadequate for the ■ purposes mentioned. Complaint is made, however, that the court in its decree limited defendants' right to the

use of the water in question to the quantity required for the irrigation of 1 acre, when all the evidence on the subject was that the defendant Heber Cook, as the grantee of Sarah Walters, was entitled to sufficient water of the spring for the irrigation of 1½ acres. This objection is well founded, and is conceded by plaintiff's counsel. For this reason the decree is erroneous. But, as the evidence upon the subject is clear and uncontroverted, it is a proper case for modifying the decree instead of reversing the same and granting a new trial.

What has been said disposes of a further objection made by defendants to the portion of the decree providing for the installation of a meter or other measuring device for measuring the quantity of water to which the defendant Heber Cook is entitled, and requiring the plaintiff and said defendant to each pay one-half the cost of installing and maintaining the same. The objection is not that the requirement is itself unreasonable, but is solely upon the ground that the plaintiff has no right to the waters of the spring, except such as the defendant Heber Cook might suffer to escape from his lands and flow down to plaintiff.

It is ordered that the findings and decree be modified by increasing the quantity of water to which defendant Heber Cook is entitled to use for irrigation purposes from 4 acre feet per annum for the irrigation of 1 acre of land to 6 acre feet of water per annum for the irrigation of 1½ acres of land. In all other respects the decree and judgment are approved and affirmed. The cause is remanded to the district court, with directions to modify the findings and decree to conform herewith. Appellants to recover costs.

THURMAN, C. J., and HANSEN, and GIDEON, JJ., concur.

STRAUP, J., concurs in result and because of the grant. .